IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA<br>and STATE OF MISSOURI,<br><br>Plaintiffs,<br><br>v.<br><br>BP AMERICA, INC. and<br>THE STANDARD OIL COMPANY (OHIO),<br><br>Defendants. | **JOINT COMPLAINT**<br><br>Case No. 1:24-cv-00139 |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, on behalf of the United States Department of the Interior ("DOI") and the United States Department of Agriculture ("USDA"), and the State of Missouri, by the authority of the Missouri Attorney General acting on behalf of the Missouri Department of Natural Resources ("State" or "State of Missouri"), file this complaint and allege as follows:

NATURE OF ACTION

This is a civil action brought against BP America, Inc. ("BP America") and The Standard Oil Company (Ohio) ("SOHIO," and collectively with BP America, the "Defendants") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9607, Section 311 of the Federal Water Pollution Control Law, commonly known as the Clean Water Act ("CWA"), 33 U.S.C. § 1321, and Mo. Rev. Stat. § 644.096 of the Missouri Clean Water Law, for the recovery of damages for injury to, destruction of, loss of, and loss of use of natural resources and their services resulting from the release and threat of a release, and discharge, of hazardous substances at and from the Sweetwater Mine and

Mill, a lead-mining and milling facility in Southeast Missouri (the "Facility").

## JURISDICTION AND VENUE

1. This court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1345, and 1367(a), 33 U.S.C. § 1321(n), and 42 U.S.C. §§ 9607(a) and 9613(b).

2. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b).

## PARTIES

3. The DOI, Fish and Wildlife Service, and the USDA, Forest Service, are, pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 311(f)(5) of the CWA, 33 U.S.C. § 1321(f)(5), and 40 C.F.R. § 300.600, trustees for certain natural resources injured as a result of releases of hazardous substances at or from the Facility.

4. The State is, pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), 40 C.F.R. § 300.605, and Mo. Rev. Stat. § 644.096 of the Missouri Clean Water Law, a trustee for certain natural resources injured as a result of releases of hazardous substances in Missouri.

5. BP America is a corporation incorporated in the State of Delaware.

6. SOHIO is a corporation incorporated in the State of Ohio and is a wholly-owned subsidiary of BP America.

7. For all purposes relevant to this Complaint, Defendants are the successor-in-interest to the Industrial Holdings Corporation (f/k/a Kennecott Corporation) and the Ozark Lead Company.

## GENERAL ALLEGATIONS

8. The Southeast Missouri ("SEMO") Lead Mining District is a rural region in Southeast Missouri that contains the highest concentrations of lead sulfide in the world. For the

past half century, the area has provided approximately 70% of the primary lead supply in the United States.

9. The Facility is located in the Viburnum Trend, one of several geographically distinct mining regions within the SEMO Lead Mining District. The Viburnum Trend lies approximately 50 miles to the south and west of St. Louis, and covers approximately 450 square miles across Washington, Crawford, Dent, Iron, and Reynolds counties. Western portions of the Viburnum Trend are located within the Mark Twain National Forest.

10. Kennecott Corporation, through its wholly-owned subsidiary the Ozark Lead Company, owned the Facility from 1968 to 1986 and operated it from 1968 to at least 1983.

11. In 1980, the Ozark Lead Company merged into the Kennecott Corporation, which acquired all of the Ozark Lead Company's assets and acceded to all of its liabilities.

12. In 1981, the Kennecott Corporation merged with SO Minerals Co., a wholly-owned subsidiary of S. Minerals, Inc., which was in turn a wholly-owned subsidiary of SOHIO.

13. On December 31,1986 the Kennecott Corporation changed its name to the Industrial Holdings Corporation.  On or before that date, Kennecott Corporation became a wholly-owned subsidiary of SOHIO.

14. In May 1987, SOHIO sold Industrial Holdings Corporation and indemnified it for all liabilities arising from the Facility.

15. Between 1978 and at least 1986, BP America was the majority owner of SOHIO. At some point after May 1987, SOHIO became a wholly-owned subsidiary of BP America.

16. Industrial Holdings Corporation voluntarily dissolved on July 7, 2021.

17. Hazardous substances, as defined in CERCLA Section 101(14), 42 U.S.C. § 9601(14), and CWA Section 311(a)(14), 33 U.S.C. § 1321(a)(14), including lead have been

released to the environment at and from the Facility and have come to be located in the soils, groundwater, surface water, and sediments in the surrounding areas, including Adair Creek, Logan Creek, and Sweetwater Creek and one or more of its unnamed tributaries (the "Affected Waters") and their adjoining shorelines.

18. During the periods in which Defendants' and/or their predecessors in interest owned and/or operated the Facility, hazardous substances including lead were discharged and released from the Facility into the environment, including the Affected Waters and their adjoining shorelines.

19. Releases and discharges of these hazardous substances, including lead, at and from the Facility have resulted in injuries to, destruction of, and/or loss of natural resources, including but not limited to: animal species including migratory birds, songbirds, and microbenthic communities in the Affected Waters that are under the trusteeship or joint trusteeship of the United States and/or the States, and groundwater and aquatic and terrestrial habitat (which are supporting ecosystems for species under the trusteeship or joint trusteeship of the United States and/or the State), including 7.4 miles of river sediments, hundreds of acres of soils, and associated habitat.

20. The United States has incurred a total of $348,139, and the State has incurred a total of $74,861, in 1) unreimbursed reasonable costs to assess the injury to, loss of, and/or destruction of natural resources resulting from releases of hazardous substances at and from the Facility and 2) unreimbursed costs and expenses in the restoration of natural resources damaged or destroyed in the Affected Waters and their adjoining shorelines.

21. Under Section 107 of CERCLA, 42 U.S.C. § 9607, and 43 C.F.R. Part 11, the Plaintiffs, as natural resource trustees, are entitled to recover damages for injury to natural

resources, including (1) the cost to restore, replace, or acquire the equivalent of such natural resources; (2) the compensable value of lost services resulting from the injury to such natural resources; and (3) the reasonable cost of assessing injuries to such natural resources and resulting damages.

22. Under Section 311(f)(4) of the CWA, 33 U.S.C. § 1321(f)(4), the Plaintiffs, as natural resource trustees, are entitled to recover any "costs or expenses" incurred in the restoration or replacement of natural resources damaged or destroyed as a result of a discharge of a hazardous substance in violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

23. Under Mo. Rev. Stat. § 644.096, the State is entitled to recover damages for injuries to natural resources, including the costs of restoring or replacing natural resources damaged or destroyed.

### FIRST CLAIM FOR RELIEF
### Natural Resource Damages under CERCLA

24. The allegations set forth in paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. Each Defendant, and each of their predecessors in interest, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

26. The Facility is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

27. Hazardous substances have been released at and from the Facility into the environment within the meanings of Sections 101(22) and 101(8) of CERCLA, 42 U.S.C. § 9601(22) and (8).

28. Releases of hazardous substances at and from the Facility have resulted in injury to, destruction of, and/or loss of natural resources under the trusteeship or joint trusteeship of the

United States and/or the State within the meaning of Section 107(a)(4)(C) of CERCLA, 42 U.S.C. §9607(a)(4)(C).

29. Defendants are liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(1) as past owners and/or operators of the Facility at the time of disposal of hazardous substances at or from the Facility.

30. The costs to assess the injury to, destruction of, and/or loss of natural resources resulting from the release of hazardous substances at and from the Facility incurred by the United States and the State are reasonable.

31. Defendants are jointly and severally liable under CERCLA Section 107(a)(4)(C), 42 U.S.C. 9607(a)(4)(C), for damages for injury to, destruction of, and/or loss of natural resources resulting from the releases of hazardous substances at and from the Facility, as well as for the reasonable costs of assessing such injury, damage, and/or loss of natural resources.

SECOND CLAIM FOR RELIEF
Natural Resource Damages under the CWA

32. The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. Each Defendant, and each of their predecessors in interest, is a "person" within the meaning of Section 311(a)(7) of the CWA, 33 U.S.C. § 1321(a)(7).

34. The releases of hazardous substances from the Facility to the Affected Waters or adjoining shorelines are "discharges" within the meaning of Section 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2).

35. The Affected Waters are "navigable waters" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

36. The Facility is an "onshore facility" within the meaning of Section 311(a)(10) of

the CWA, 33 U.S.C. § 1321(a)(10).

37. There have been discharges into navigable waters and adjoining shorelines from the Facility of hazardous substances in such quantities as may be harmful, in violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

38. Defendants are liable under Section 311(f)(2) of the CWA, 33 U.S.C. § 1321(f)(2), as the owners and/or operators of an onshore facility from which hazardous substances were discharged, in violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

39. Discharges of hazardous substances from the Facility into the Affected Waters and adjoining shorelines have affected, damaged, or destroyed natural resources belonging to, appertaining to, or under the exclusive management authority of the United States, within the meaning of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

40. Plaintiffs have incurred "costs or expenses" in the restoration or replacement of natural resources within the meaning of Section 311(f)(4) of the CWA, 33 U.S.C. § 1321(f)(4).

41. Defendants are jointly and severally liable to the Plaintiffs for costs or expenses that have been incurred and will continue to be incurred in the restoration or replacement of natural resources damaged or destroyed as a result of discharges of hazardous substances from the Facility into the Affected Waters or adjoining shorelines pursuant to Section 311(f) of the CWA, 33 U.S.C. § 1321(f).

### THIRD CLAIM FOR RELIEF
### Natural Resource Damages Under State Law

42. The allegations set forth in paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

43. Under Mo. Rev. Stat. § 644.096 of the Missouri Clean Water Law, the State may

recover actual damages sustained by it because of a violation of the Missouri Clean Water Law, including all costs and expenses necessary to establish or collect any sums under MO. REV. STAT. §§ 644.006 to 644.141 and the costs and expenses of restoring any waters of the State to their condition as they existed before a violation occurred.

44. There have been discharges of hazardous substances in harmful quantities into the waters of the State in the vicinity of the Facility, including into the Affected Waters, in violation of the Missouri Clean Water Law.

45. Defendants are therefore liable to the State for natural resource damages resulting from these discharges pursuant to Mo. Rev. Stat. § 644.096 of the Missouri Clean Water Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Enter a judgment in favor of Plaintiffs jointly and severally against Defendants, pursuant to CERCLA Section 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), for all damages for injury to, destruction of, and loss of natural resources resulting from the releases of hazardous substances from the Facility, including the reasonable costs of assessing such injury;

(2) Enter a judgment in favor of Plaintiffs jointly and severally against Defendants pursuant to Section 311 of the Clean Water Act, 33 U.S.C. § 1321, for all costs and expenses incurred by Plaintiffs in the restoration or replacement of natural resources damaged or destroyed as a result of discharges of hazardous substances from the Facility;

(2) Enter a judgment in favor of State against Defendants, pursuant to Mo. Rev. Stat. § 644.096 of the Missouri Clean Water Law, for all costs of restoring, replacing, and/or acquiring the equivalent of natural resources damaged or destroyed as a result of the releases of hazardous substances described herein, and including the costs of assessing such damages and

the diminution in value of those resources pending restoration or replacement, in an amount to be proven at trial.

(3)     Enter a judgment in favor of Plaintiffs against Defendants for liability for all costs of this action, including attorneys' fees; and

(4)     Award Plaintiffs such other and further relief as this Court may deem appropriate.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA:**

Dated  07/22/2024              TODD KIM
                               Assistant Attorney General
                               Environment and Natural Resources Division

                               /s/ Eric D. Albert
                               ERIC D. ALBERT
                               Senior Attorney
                               Environmental Enforcement Section
                               Environment and Natural Resources Division
                               U.S. Department of Justice
                               Washington, D.C.  20044
                               (202) 514-2800 (direct)
                               eric.albert@usdoj.gov

OF COUNSEL

GENETTE GAFFNEY
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, D.C.  20240

RONALD MCCLAIN

Office of the General Counsel
United States Department of Agriculture
1400 Independence Avenue, SW
Washington, D.C.  20250-1400

**FOR THE STATE OF MISSOURI:**

/s/Timothy P. Duggan
TIMOTHY P. DUGGAN
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102
(573) 751-9802 (direct)
Tim.Duggan@ago.mo.gov